UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | )<br>)<br>) Civil Action No. 01-1779 RHK/SRN<br>) |
| Plaintiff-Applicant, | ) |
| v. | ) |
| MJK CLEARING, INC., | ) |
| Defendant. | ) |

## COMPLAINT AND APPLICATION

Plaintiff-Applicant Securities Investor Protection Corporation ("SIPC") respectfully alleges that:

1. SIPC is a nonprofit membership corporation created by the Securities Investor Protection Act ("SIPA"), 15 U.S.C.A. §§78aaa et seq. (1997).

2. MJK Clearing, Inc. ("MJK Clearing"), the defendant, is a member of SIPC and a broker-dealer registered with the Securities and Exchange Commission ("SEC"), which had its principal office and place of business at 5500 Wayzata Boulevard, Suite 600, Minneapolis, Minnesota 55416-1241.

3. This proceeding arises under SIPA, more particularly sections 5(a)(3) and 5(b)(2) thereof, 15 U.S.C.A. §§78eee(a)(3) and (b)(2) (1997), whereby jurisdiction of this proceeding and exclusive jurisdiction of MJK Clearing and its property is conferred upon this Court, and pursuant



to which SIPC applies to this Court for a decree adjudicating that the customers of MJK Clearing are in need of the protection provided therein.

4. Upon sufficient information, including information supplied by the U.S. Securities and Exchange Commission, SIPC has determined that MJK Clearing has failed to meet its obligations to its customers within the meaning of section 5(a)(3) of SIPA, 15 U.S.C.A. §78eee(a)(3) (1997), and that there exists one or more of the conditions specified in section 5(b)(1) of SIPA, 15 U.S.C.A. §§78eee(b)(1) (1997), in that MJK Clearing: (1) is insolvent within the meaning of 11 U.S.C. §101(32); (2) is unable to meet its obligations as they mature; and, (3) is not in compliance with applicable requirements under the Securities Exchange Act of 1934 and rules of the Commission with respect to financial responsibility, namely, Commission Rules 15c3-1 and 15c3-3, 17 C.F.R. §§240.15c3-1 and 240.15c3-3.

5. By reason of the facts hereinabove alleged, the customers of MJK Clearing are in need of the protection provided by SIPA, and this Court should issue a protective decree pursuant to section 5(b)(1) of SIPA, 15 U.S.C.A. §78eee(b)(1) (1997).

6. Section 5(b)(3) of SIPA, 15 U.S.C.A. §78eee(b)(3) (1997), provides that upon issuance of a protective decree the court shall forthwith appoint as trustee for the liquidation of the business of the debtor and as attorney for the trustee, such persons as SIPC, in its sole discretion, specifies. Pursuant to that section, SIPC respectfully designates James P. Stephenson as trustee and the law firm of Faegre & Benson LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402-3901, as counsel to the trustee.

7. The filing of this Complaint and Application operates, pursuant to section 362(a) of the Bankruptcy Code, 11 U.S.C.A. §362(a) (Supp. 1996), as an automatic stay with respect to

actions enumerated in that section. SIPC believes that notice of the applicability of the automatic stay should be made a part of the order for relief herein.

8. In addition to the automatic stay provisions which are already in effect pursuant to section 362(a) of the Bankruptcy Code (Supp. 1996), section 5(b)(2)(B)(i) of SIPA, 15 U.S.C.A. §78eee(b)(2)(B)(i) (1997), provides that the Court "shall stay any pending bankruptcy, mortgage foreclosure, equity receivership or other proceeding to reorganize, conserve, or liquidate the debtor or its property and any suit against any receiver, conservator, or trustee of the debtor or its property. . ." Such actions are also stayed by operation of section 362(a), 11 U.S.C.A. §362(a) (Supp. 1996).

9. Furthermore, notwithstanding the provisions of sections 555 and 559 of the Bankruptcy Code, 11 U.S.C.A. §§555 and 559 (Supp. 1996), pursuant to section 5(b)(2)(B)(ii) of SIPA, 15 U.S.C.A. §78eee(b)(2)(B)(ii) (1997), the Court is also empowered to stay "any proceeding to enforce a lien against property of the debtor or any other suit against the debtor" and pursuant to section 5(b)(2)(B)(iii) of SIPA, 15 U.S.C.A. §78eee(b)(2)(B)(iii) (1997), the Court is empowered, for such period as may be appropriate, to "stay enforcement of. . . but shall not abrogate any right of setoff, except to the extent such right may be affected under section 553 of Title 11, and shall not abrogate the right to enforce a valid, nonpreferential lien or pledge against the property of the debtor. . . ."

10. The stays authorized or required by SIPA, as hereinabove alleged, and the relief hereinafter requested, should be granted pending the further order of this Court, in order to safeguard and protect any assets of MJK Clearing for the benefit of its customers and other creditors entitled thereto, and in the interest of an orderly liquidation of MJK Clearing's business.

11. Pursuant to section 5(b)(4) of SIPA, 15 U.S.C.A. §78eee(b)(4) (1997), the Court upon issuance of a decree shall order the removal of the entire liquidation proceeding to the Court of the United States in this judicial district having jurisdiction over cases under the Bankruptcy Code, i.e. the United States Bankruptcy Court for the District of Minnesota.

12. SIPC has made no previous application to any Court or any judge thereof for the relief herein requested.

WHEREFORE, SIPC respectfully prays and demands:

I.    A.    That the Court enter a protective decree adjudicating that the customers of MJK Clearing broker-dealer are in need of the protection under SIPA.

    B.    That the Court (i) appoint James P. Stephenson, as trustee for the liquidation of the business of MJK Clearing broker-dealer, with all the duties and powers of a trustee as prescribed in SIPA, and (ii) appoint the law firm of Faegre & Benson LLP as counsel to the trustee.

    C.    That the Court order provide notice to creditors and others that subject to the other provisions of section 362 of the Bankruptcy Code, 11 U.S.C. §362, the automatic stay provisions of section 362(a) of the Bankruptcy Code, 11 U.S.C. §362(a) (Supp. 1996), operate as a stay of: (i) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or

other proceeding against MJK Clearing that was or could have been commenced before the commencement of this proceeding, or to recover a claim against MJK Clearing that arose before the commencement of this proceeding;

(ii) the enforcement, against MJK Clearing or against property of the estate, of a judgment obtained before the commencement of this proceeding;

(iii) any act to obtain possession of property of the estate or of property from the estate;

(iv) any act to create, perfect, or enforce any lien against property of the estate;

(v) any act to create, perfect, or enforce against property of MJK Clearing any lien to the extent that such lien secures a claim that arose before the commencement of this proceeding;

(vi) any act to collect, assess, or recover a claim against MJK Clearing that arose before the commencement of this proceeding;

(vii) the setoff of any debt owing to MJK Clearing that arose before the commencement of this proceeding against any claim against MJK Clearing; and

(viii) the commencement or continuation of a proceeding

before the United States Tax Court concerning MJK Clearing.

D. That the Court order that, pursuant to section 5(b)(2)(B)(i) of SIPA, 15 U.S.C.A. §78eee(b)(2)(B)(i) (1997), any pending bankruptcy, mortgage foreclosure, equity receivership, or other proceeding to reorganize, conserve, or liquidate MJK Clearing or its property and any other suit against any receiver, conservator, or trustee of MJK Clearing or its property be stayed, and that such stay continue upon the appointment of a trustee herein.

E. That the Court order that, pursuant to sections 5(b)(2)(B)(ii) and (iii) of SIPA, 15 U.S.C.A. §§78eee(b)(2)(B)(ii) and (iii) (1997), and notwithstanding the provisions of sections 555 and 559 of the Bankruptcy Code, 11 U.S.C.A. §§555 and 559 (Supp. 1996), all creditors of the defendant broker-dealer, and all other persons be stayed, enjoined and restrained for a period to twenty-one (21) days after the date of entry of said order herein prayed for, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of MJK Clearing;

from exercising any right of setoff; and from causing the liquidation of a repurchase agreement whether or not it meets the definition set forth in section 101(47) of the Bankruptcy Code, 11 U.S.C. §101(47) (Supp. 1996), without first receiving the written consent of SIPC and the trustee.

F. That the Court order, pursuant to its exclusive jurisdiction of defendant and its property, wherever located, and section 105(a) of the Bankruptcy Code, 11 U.S.C.A. §105(a) (Supp. 1996), that during the period of this proceeding, MJK Clearing and its officers, directors, shareholders, employees and any other person or persons be restrained from directly or indirectly removing, transferring, setting off, receiving, retaining, changing, selling, pledging, assigning, or otherwise disposing of, withdrawing or interfering with any assets or property owned, controlled or in the possession of MJK Clearing, including but not limited to customers' securities and free credit balances, except for the purpose of effecting possession and control of said property by the trustee.

G. That the Court order that, pursuant to sections 5(b)(2)(B)(ii) and (iii) of SIPA, 15 U.S.C.A.

§78eee(b)(2)(B)(ii) and (iii) (1997), and notwithstanding the provisions of section 555 of the Bankruptcy Code, 11 U.S.C.A. §555 (Supp. 1996), all stockbrokers, financial institutions, and securities clearing agencies, as defined in section 101 of the Bankruptcy Code, 11 U.S.C.A. §101 (Supp. 1996), be, and they hereby are, stayed, enjoined, and restrained for a period of twenty-one (21) days or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from exercising a contractual right to cause the liquidation of a contract for the loan of a security within the meaning of section 741(7) of the Bankruptcy Code, 11 U.S.C.A. §741(7) (Supp. 1996), without first receiving the written consent of SIPC.

H. That the stays set forth above shall not apply to (a) any suit, action or proceeding brought or to be brought by the Securities and Exchange Commission or any self-regulatory organization of which MJK Clearing is now a member or was a member within the past six months; or (b) the exercise of a contractual right of any securities clearing agency to cause the liquidation of a securities contract as defined in section 741(7) of the

Bankruptcy Code, 11 U.S.C.A. §741(7) (Supp. 1996); or (c) the exercise of a contractual right of any stockbroker or financial institution, as defined in section 101 of the Bankruptcy Code, to use cash or letters of credit held by it as collateral, to cause the liquidation of its contract for the loan of a security to MJK Clearing or for the pre-release of American Depository Receipts or the securities underlying such receipts; or (d) any setoff or liquidating transaction undertaken pursuant to its rules or bylaws by any securities clearing agency registered under section 17(a) of the Securities Exchange Act of 1934 or by any person acting under instructions from and on behalf of such a securities clearing agency; or (e) any settlement transaction undertaken by such securities clearing agency using securities either (i) in its custody or control, or (ii) in the custody or control of another securities clearing agency with which it has an SEC approved interface procedure for securities transactions settlements, provided that the entire proceeds thereof, without benefit of any off-set, are promptly turned over to the receiver, or a subsequent trustee, appointed herein.

I. That, pursuant to section 5(b)(4), 15 U.S.C.A. §78eee(b)(4) (1997), the Court order the removal of this liquidation proceeding to the United States Bankruptcy Court for this District.

J. That the Trustee be authorized to open bank accounts as trustee for the liquidation of the business of MJK Clearing broker-dealer at a bank to be chosen by the Trustee.

II. Such other and further relief as this Court may deem necessary and proper.

DATED: September 27, 2001

Respectfully submitted,

_____
STEPHEN P. HARBECK
General Counsel

OF COUNSEL:

Kenneth J. Caputo
Associate General Counsel and
 Senior Trial Counsel

SECURITIES INVESTOR PROTECTION
 CORPORATION
Suite 800
805 Fifteenth Street, N.W.
Washington, D.C. 20005-2207
Telephone: (202) 371-8300