# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

SECURITIES INVESTORS PROTECTION
   CORPORATION,

                Plaintiff-Applicant,

v.

MJK CLEARING, INC.,

                Defendant.

Case No. CV01-1779  RHK/JJM

Bankr. Adv. Proc. No. 01-4257 RJK

## NOTICE OF HEARING AND MOTION FOR APPROVAL OF PUBLICATION OF NOTICES, PROCEDURES FOR RESOLUTION OF CLAIMS, AND OTHER RELIEF

1.     The Motion of James P. Stephenson (the "Trustee"), as Trustee for the liquidation of the business of MJK Clearing, Inc. ("MJK" or the "Debtor"), by and through its undersigned counsel, respectfully states as follows:

## NOTICE OF HEARING

2.     The Court will hold a hearing on this motion on Thursday, November 1, 2001, at 2:30 p.m., in Courtroom No. 8W, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

3.     Pursuant to Local Rule 9006-1(b), any response to this motion must be filed and delivered not later than 2:30 p.m. on Wednesday, October 31, 2001, which is twenty-four (24) hours before the time set for the hearing, or filed and served by mail not later than Monday, October 29, 2001, which is three (3) days before the time set for the hearing.  UNLESS

<div align="center">-1-</div>


OCT 2 4 2001

28-1

A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT

THE MOTION WITHOUT A HEARING UNDER LOCAL RULE 9013-2(f).

## MOTION

4.       This Court has jurisdiction over this motion pursuant to the Securities

Investors Protection Act ("SIPA"), 15 U.S.C. §78aaa et seq.[1]  The application for protective

decree commencing this case under SIPA was filed and granted on September 27, 2001.  This

case is now pending in this Court.

5.       This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 5005-1,

9006-1, 9013-1 to 9013-3 and 9017-1.  The Trustee requests an Order of this Court authorizing

and approving (i) the hearing date  to determine the Trustee's and the Trustee's counsel's status

as disinterested parties within the meaning of SIPA, (ii) the Trustee's plans for publication of

notices, (iii) the Trustee's procedures for resolution of claims and (iv) the date for the first

meeting of creditors.

## STATEMENT OF FACTS

6.       On September 27, 2001, the Honorable Richard Kyle, Judge of the United

States District Court for the District of Minnesota, entered an Order pursuant to the provisions of

SIPA, which, in pertinent part:

A.      Appointed James P. Stephenson as Trustee for the liquidation of the
business of MJK, pursuant to section 78eee(b)(3) of SIPA;

B.      Appointed Faegre & Benson LLP, as counsel to the Trustee pursuant
to section 78eee(b)(3) of SIPA; and

---

[1] For convenience, subsequent references to provisions of SIPA will be to the United States Code, but will omit "15 U.S.C."

C.      Removed this case to this Court pursuant to section 78eee(b)(4) of SIPA.

7.      Section 78fff-2(a)(1) of SIPA provides that promptly after his appointment, a trustee shall cause notice of the commencement of the proceeding to be published in one or more newspapers of general circulation in the form and manner determined by the Court. The Trustee requests that this Court enter an order authorizing the Trustee to publish notice in substantially the same form as attached hereto as Exhibit A on November 15, 2001. Since the Debtor had offices within the past twelve months in the Minneapolis/St. Paul area, and did business predominantly in Minnesota and on a more limited basis in other states, the Trustee requests that the Court enter an order authorizing it to publish such notice in the following newspapers and websites:

A.      Wall Street Journal (national and international editions);

B.      The Minneapolis Star Tribune;

C.      The St. Paul Pioneer Press and Dispatch;

D.      Bloomberg's Website; and

E.      The MJK Website established by the Trustee.

8.      Section 78fff-2(a)(1) of SIPA provides that promptly after his appointment, the Trustee shall cause notice of the commencement of the proceeding to be mailed to each person who, from the books and records of the debtor, appears to have been a customer of the debtor with an open account within the past twelve (12) months, to the address of such person as it appears from the debtor's books and records. The Trustee requests that this Court enter an order authorizing the Trustee to effect such mailing of the notice in substantially the

same form as attached hereto as Exhibit "A" on or before November 15, 2001.

9.     Section 78fff-2(a)(1) of SIPA states that notice to creditors other than customers shall be given by the Trustee in the manner prescribed by the Bankruptcy Code. Section 342 of the Bankruptcy Code, 11 U.S.C. § 342, states that there shall be given such notice as is appropriate of the entry of an order for relief. The Trustee requests that this Court enter an order directing it to mail notice to creditors of MJK other than customers in the substantially the same form as attached hereto as Exhibit A on or before November 15, 2001.

10.    The Trustee requests that this Court enter an order approving the form of the following documents, and directing the Trustee to mail documents in substantially the same form to customers and other creditors:

|  |  |  |
|---|---|---|
| Exhibit A | - | Notice |
| Exhibit B | - | Explanatory Letter to Customers |
| Exhibit C | - | Customer Claim Form (and instructions) |
| Exhibit D | - | SIPC Brochure |
| Exhibit E | - | Explanation Letter to Broker-Dealers (with Series 300 Rules) |
| Exhibit F | - | Explanatory Letter to Other Creditors (with General Creditor Claim Form) |

11.    The practice of the Securities Investors Protection Corporation ("SIPC") regarding notice to customers in many cases involves including a return envelope for the claim form enclosed with the notice. In this case, unlike in most cases handled by SIPC, it is anticipated that there will only be a small number of customers (less than 500 customers out of the 212,000 total customers) who will actually need to either file a customer claim form or

correspond with the Trustee for any reason. The Trustee believes it is in the best interest of the estate not to incur the expense related to enclosing an addressed envelope with the notice. Unless the Court orders otherwise, the Trustee intends to effect mailing of the notice without a return envelope.

12. Section 78fff-2(a)(3) of SIPA provides that "no claim of a customer or other creditor of the debtor which is received by the Trustee after the expiration of the six (6) month period beginning on the date of publication of notice of the commencement of proceedings under SIPA shall be allowed, except that the Court may, upon application within such period and for cause shown, grant a reasonable fixed extension of time for the filing of a claim by the United States, by a state or political subdivision thereof, or by an infant or incompetent person without a guardian." Section 78fff-2(a)(3) of SIPA also provides that, "[a]ny claim of a customer for a net equity which is received by the Trustee after the expiration of such period of time as may be fixed by the Court (not exceeding 60 days after the date of publication of the notice referred to above) need not be paid or satisfied in whole or in part out of customer property, and, to the extent such claim is satisfied from monies advanced by SIPC, it shall be satisfied in cash or securities (or both) as the Trustee determines is most economical to the estate." To expedite distributions to customers, the Trustee respectfully requests that the Court enter an order fixing January 14, 2002 as the deadline for filing of such customer claims for net equity.

13. Section 78fff-2(a)(2) of SIPA provides that claims against the debtor shall be filed with the trustee. The Trustee requests that this Court enter an order directing that claims against the Debtor in this proceeding be filed with the Trustee at P.O. Box 27670, Minneapolis,

14.     Section 78eee(b)(3) of SIPA specifies that no person shall be appointed as Trustee or as attorney for the Trustee in a liquidation under SIPA if such person is not "disinterested" within the meaning of section 78eee(b)(6) of SIPA. Section 78eee(b)(6)(B) of SIPA requires that the Court fix a time for hearing on disinterestedness (and that at least ten (10) days notice of such hearing be given by mail to the parties specified in said section) for the purpose of considering objections to the retention of the Trustee or the Trustee's attorney based upon lack of disinterestedness in the proceedings. Accordingly, the Trustee requests that this Court enter an order setting December 5, 2001, at the hour of 10:30 a.m., as the date and time for the hearing of objections to the retention of the Trustee and counsel to the Trustee on the grounds that either is not disinterested. The Trustee also requests that the Court enter an order providing that any objections to the retention of the Trustee or of counsel be filed with this Court, with a copy served on the Trustee's attorney must comply with the Local Rules for filing objections to a motion with less than 21 days notice.

15.     Section 341(a) of the Bankruptcy Code, 11 U.S.C. §341(a), requires that a meeting of creditors be held within a reasonable time after the order for relief in a case under the Bankruptcy Code. Section 343 of the Bankruptcy Code, 11 U.S.C. § 343, requires that the Debtor appear and submit to examination under oath at such meeting. The Trustee requests that this Court enter an order designating the Trustee to preside at a meeting of creditors to permit the examination of the Debtor and its officers by the Trustee, creditors or other parties in interest, and further to conduct such business as may properly come before such meeting. The Trustee further requests that this Court enter an order setting December 17, 2001, at 9:00 a.m., at the

Radisson Plaza Hotel, Minnesota Room, Third Floor, 35 South Seventh Street, Minneapolis, Minnesota, as the time and place for such meeting of creditors.

16.     Pursuant to Bankruptcy Rule 9007, which authorizes the combination of notices whenever feasible, the Trustee requests that this Court enter an order directing that notice of the meeting of creditors and notice of the "disinterestedness" hearing be combined with notice of the commencement of proceedings, and that such notice, in the form and content as set forth in Exhibit A attached hereto, be published and customers and creditors be notified by mail in the manner provided in paragraphs 2, 3, and 4 hereof.

17.     The Trustee requests that this Court enter an order directing the Debtor to comply with SIPA and the pertinent sections of the Bankruptcy Code, including the requirements of the debtor  to (a) designate an officer to appear and submit to examination under oath at the meeting of creditors pursuant to 11 U.S.C. §343, and (b) comply with the debtor's duties enumerated in section 521 of the Bankruptcy Code, 11 U.S.C. §521, by (i) the prompt filing of a list of creditors, a schedule of assets and liabilities and a statement of financial affairs, (ii) cooperating with the Trustee as necessary to enable the Trustee to perform his duties; and (iii) surrendering to the Trustee all property of the estate and any recorded information, including books, documents, records and papers relating to the estate or its property.

18.     To the extent consistent with the provisions of SIPA, a liquidation proceeding is to be conducted in accordance with, and as though it were being conducted under Chapters 1, 3, and 5, and subchapters I and II of Chapter 7 of the Bankruptcy Code.  Section 78fff(b) of SIPA.  Section 704(5) of the Bankruptcy Code, 11 U.S.C. §704(5), which appears in Subchapter I of Chapter 7 of Title 11, requires a trustee to examine proofs of claims and object to

-7-

the allowance of any claim that is improper.

19.     The Trustee, by his staff, counsel and additional consultants, will analyze the customer claims and accounts.  They will compare the claims against the books and records of the Debtor and other sources.  The Trustee requests that this Court authorize it, as provided in section 78fff-2(b) of SIPA, to satisfy customer claims insofar as the claims agree with the Debtor's books and records or are otherwise established to the Trustee's satisfaction.

20.     The Trustee has satisfied or will satisfy customer claims by (i) delivering "customer name securities," as defined in section 78*lll*(3) of SIPA; and (ii) satisfying a customer's "net equity" claim, as defined in section 78*lll*(11) of SIPA, by distributing on a ratable basis securities of the same class or series of an issuer on hand as "customer property," as defined in section 78*lll*(4) of SIPA, and, if necessary, by distributing cash from such customer property or cash advanced by SIPC, or purchasing securities for customers as provided in section 78fff-2(d) of SIPA.

21.     In order to expedite the protection of customers of the debtor under SIPA, the Trustee requests the approval of the Court of the procedures prescribed in section 78fff-2(b) of SIPA which provides that "the Court shall, among other things –

A.      with respect to net equity claims, authorize the trustee to satisfy claims out of moneys made available to the trustee by SIPC notwithstanding the fact that there has not been any showing or determination that there are sufficient funds of the debtor available to satisfy such claims; and

B.      with respect to claims relating to, or net equities based upon, securities of a class and series of an issuer which are ascertainable from the books and records of the debtor or are otherwise established to the satisfaction of the trustee, authorize the trustee to deliver securities of such class and series if and to the extent available to satisfy such claims in whole or in part, with partial deliveries to be made pro rata to the greatest

extent considered practicable by the trustee.

22.     The Trustee anticipates that there may be claimants seeking "customer" protection with claims which the Trustee will disallow as a protected customer claim in their entirety or in part. The Trustee proposes there be established, by the order of this Court, a procedure for the expeditious resolution of disputes which may arise between the Trustee and claimants for protection as customers. The Trustee requests that the Court enter an order approving the following procedures for those claims for protection as a customer of the debtor, as defined in SIPA, which the Trustee objects to as filed:

A.     The Trustee will notify the claimant by first-class mail that the Trustee has determined that the claimant's claim should be disallowed in whole or in part or otherwise not approved for satisfaction as filed. Notification shall be in a form similar to Exhibit G attached hereto. If a claimant disagrees with the determination of the Trustee, the claimant shall be afforded the opportunity to have the matter heard by the Court as a contested matter under Rule 9014 of the Bankruptcy Rules.

B.     The claimant shall request a hearing before this Court by filing a request in accordance with the instructions included with the Trustee's determination, in substantially the same form as Exhibit G hereto. The claimant shall file the request for a hearing within thirty days after the date on which the Trustee mails his determination. The request shall include a detailed statement of the reasons for the claimant's objection to the Trustee's determination, and the

claimant shall attach copies of any documents or other writing upon which the claimant relies.

C. The Trustee shall ask the Court to set a time and date for a hearing and shall notify the claimant in writing of the time, date and place of the hearing.

D. If a claimant fails to request a hearing within thirty days after the mailing of the Trustee's determination in accordance with the procedures established by this Court's order, or if the claimant fails to appear at the hearing, then the Trustee's determination shall be final.

23. Section 78fff-1(c) of SIPA requires that the Trustee report progress to this Court. The Trustee requests the Court enter an order directing the Trustee to file its first report on or before December 31, 2001 and by the end of each quarter thereafter until the case is closed.

Dated: October 24, 2001

Dennis M. Ryan, #161275
Stephen M. Mertz, # 212131
Steven D. London, # 304268
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000

Attorneys for the Trustee

M1:807447.03

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

SECURITIES INVESTORS PROTECTION
  CORPORATION,

                Plaintiff-Applicant,

v.

MJK CLEARING, INC.,

                Defendant.

Case No. CV01-1779 RHK/JJM

Bankr. Adv. Proc. No. 01-4257 RJK

**NOTICE TO CUSTOMERS AND CREDITORS OF MJK CLEARING, INC., AND TO ALL OTHER PARTIES IN INTEREST:**

**COMMENCEMENT OF LIQUIDATION PROCEEDING**

      **NOTICE IS HEREBY GIVEN** that on September 27, 2001, the Honorable Richard Kyle, Judge of the United States District Court for the District of Minnesota, entered an Order granting the application of the Securities Investor Protection Corporation ("SIPC") for issuance of a Protective Decree adjudicating the customers of MJK Clearing, Inc. (the "Debtor"), to be in need of the protection afforded by the Securities Investor Protection Act of 1970 ("SIPA"). James P. Stephenson was appointed Trustee for the liquidation of the business of the Debtor, and Faegre & Benson LLP, was appointed as counsel to the Trustee.

      Customers of the Debtor who wish to avail themselves of the protection afforded to them under SIPA are required to file their claims with the Trustee by January 14, 2002. Such claims must be filed with the Trustee at P.O. Box 27670, Minneapolis, MN 55427-0670. **Customer claims will be deemed filed only when received by the Trustee.**

      Forms for the filing of customer claims and related information are being mailed to customers of the Debtor as their names and addresses appear on the Debtor's books and records. Customers who do not receive such forms within seven (7) days after the date of this Notice may obtain them by writing to the Trustee at the address shown above.

      Claims by broker-dealers, either as customers or for the completion of open contractual commitments, must be filed with the Trustee at the above address by May 15, 2002. **Broker-dealer claims will be deemed to be filed only when received by the Trustee.** Claim forms may be obtained by writing to the Trustee at the address shown above.

      All other creditors of the Debtor must file formal proofs of claim with the Trustee at the address shown above by May 15, 2002. **All such claims will be deemed filed only when received by the Trustee.**

      **No claim of any kind will be allowed unless received by the Trustee by May 15, 2002.**

-1-

**EXHIBIT NO.**

**A**

## AUTOMATIC STAY OF ACTIONS AGAINST THE DEBTOR

**NOTICE IS HEREBY GIVEN** that as a result of the issuance of the Protective Decree, certain acts and proceedings against the Debtor and its property are stayed as provided in 11 U.S.C. §362 and by order of the United States District Court for the District of Minnesota entered on September 27, 2001, by the Honorable Richard Kyle.

## FIRST MEETING OF CREDITORS

**NOTICE IS HEREBY GIVEN** that the first meeting of customers and creditors will be held on December 17, 2001 at 9:00 p.m., at the Radisson Plaza Hotel, Minnesota Room, Third Floor, 35 South Seventh Street, Minneapolis, Minnesota, at which time and place customers and creditors may attend, examine the Debtor, and transact such other business as may properly come before said meeting.

## HEARING ON DISINTERESTEDNESS OF COUNSEL TO THE TRUSTEE

**NOTICE IS HEREBY GIVEN** that December 5, 2001, at 10:30 a.m., at Courtroom 8W, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, has been set as the time and place for the hearing before the Honorable Robert J. Kressel, United States Bankruptcy Judge, of objections, if any, to the retention in office of James P. Stephenson as Trustee, and Faegre & Benson LLP, as counsel to the Trustee, upon the ground that they are not qualified or not disinterested as provided in section 5(b)(6) of SIPA, 15 U.S.C. §§ 78eee(b)(6). Affidavits of Disinterestedness have been filed by the Trustee and Faegre & Benson LLP with the United States Bankruptcy Court. Objections, if any, must be filed in compliance with the Local Rules for filing objections to motions with less than 21 days notice, and a copy served upon Faegre & Benson LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402, Attn: Stephen M. Mertz, Esq.

**NOTICE IS HEREBY GIVEN** that the information mailed to customers, as mentioned above, which includes copies of this Notice, a letter to customers, a customer claim form and instructions, as well as a SIPC brochure, may be found on SIPC's website at WWW.SIPC.ORG under Proceedings/Liquidations. From time to time in the future, other updated information and notices concerning this proceeding also may be posted at SIPC's website and also at the Trustee's website at www.mjktrustee.com.

DATED: November ___, 2001

<div style="margin-left:50%">

_____

James P. Stephenson,
Trustee for the Liquidation of the
Business of MJK Clearing, Inc.

</div>

M1:807489.03

MJK CLEARING, INC.

In Liquidation
September 27, 2001

TO ALL CUSTOMERS OF MJK CLEARING:

Enclosed are the following documents concerning the liquidation of the business of MJK Clearing, Inc. (the "Debtor"):

1. A Notice;
2. A Customer Claim Form with Instructions; and
3. A brochure entitled "How SIPC Protects You."

You are urged to read the enclosed documents carefully. They explain the steps you must take to protect any rights and claims you may have in this liquidation proceeding.

The Customer Claim form should be filled out by you and mailed to James P. Stephenson, Trustee for the Liquidation of the Business of MJK Clearing, Inc., at P.O. Box 27670, Minneapolis, MN 55427-0670. Please make a copy of the completed Customer Claim form for your own records. An extra, blank copy is enclosed for your convenience.

**Your Customer Claim form must be filed with the Trustee on or before January 14, 2002. Your Customer Claim form will not be deemed to be filed until received by the Trustee. It is strongly recommended your claim be mailed by certified mail, return receipt requested. Your return receipt will be the only document you will receive that shows your claim has been received by the Trustee.**

While your claim is being processed, you may be requested to file additional information, or documents with the Trustee to support the validity of your claim.

It is your responsibility to report accurately all securities positions and money balances in connection with your account with the Debtor. A false claim or the retention of property to which you are not entitled may make you liable for damages and criminal penalties. If you cannot precisely calculate the amount of your claim, however, you may file an estimated claim.

One of the purposes of the liquidation is to return securities and cash due to customers as promptly as practicable. In that connection, funds of the Securities Investor Protection Corporation may be utilized to pay valid customer claims relating to securities and cash up to a maximum amount of $500,000.00 for each customer, including up to $100,000.00 for claims for cash, as provided in the Securities Investor Protection Act of 1970, as amended ("SIPA"). The enclosed brochure provides information concerning the protection afforded by SIPA.

Customers' telephone inquiries delay the liquidation. The time of personnel who would otherwise be at work to speed the satisfaction of customers' claims is required for such calls. Therefore, we ask that all communications regarding your claim be in writing.

Your cooperation in promptly returning the completed Customer Claim form to the Trustee is in your best interest as it will help speed the administration of the liquidation proceeding.

Very Truly Yours,

James P. Stephenson,
Trustee for the Liquidation
of the Business of MJK Clearing, Inc.

M1:807485.03

-1-

**EXHIBIT NO.**

**B**

# CUSTOMER CLAIM

Claim Number

Date Received

## MJK CLEARING, INC.

In Liquidation
September 27, 2001

PLACE MAILING LABEL HERE

Provide your office and home telephone no.

OFFICE:

HOME:

Taxpayer I.D. Number (Social Security No.)

(If incorrect, please change)

**NOTE:** BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE JANUARY 14, 2002. **IF YOU HOLD ACCOUNTS IN SEPARATE CAPACITIES (SEE INSTRUCTIONS), PLEASE FILE A SEPARATE CLAIM FORM FOR EACH ACCOUNT. PLEASE DUPLICATE THIS CLAIM FORM IF NECESSARY. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.  Claim for money balances as of September 27, 2001:

    a.  The Broker owes me a Credit (Cr.) Balance of $ _____

    b.  I owe the Broker a Debit (Dr.) Balance of $ _____

    c.  If you wish to repay the Debit Balance,
        please insert the amount you wish to repay and
        attach a check payable to "James P. Stephenson,
        trustee for MJK Clearing, Inc." If you wish to make
        a payment, **it must be enclosed** with this claim form. $ _____

    d.  If balance is zero, insert "None." _____

-1-

**EXHIBIT NO.**

C
_____

2.      Claim for securities as of September 27, 2001:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  | YES | NO |
|---|---|---|
| a.  The Broker owes me securities. | | |
| b.  I owe the Broker securities. | | |

c.      If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THE TRUSTEE MAY DISALLOW YOUR CLAIM.**

|  |  | YES | NO |
|---|---|---|---|

3.  Has there been any change in your account since September 27, 2001?  If so, please explain.  _____  _____

4.  Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of MJK Clearing?  _____  _____

5.  Are you or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of MJK Clearing?  _____  _____

6.  Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with MJK Clearing?  If so, give name(s).  _____  _____

7.  Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming.  _____  _____

8.  Have you ever given any discretionary authority to any person to execute securities transactions with or through MJK Clearing on your behalf?  Give names, addresses and phone numbers.  _____  _____

9.  Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970?  If so, give name of the broker involved in that case.  _____  _____

Please list the full name and address of anyone assisting you in the preparation of this claim form:

If you cannot compute the amount of your claim, you may file an estimated claim.  In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date: _____     Signature _____

Date: _____     Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc., by certified mail, return receipt requested, to:**

JAMES P. STEPHENSON, TRUSTEE
P.O. Box 27670
Minneapolis, MN 55427-0670

M1:807460.02

## MJK CLEARING, INC.

In Liquidation
September 27, 2001

## READ CAREFULLY

## INSTRUCTIONS FOR COMPLETING CUSTOMER CLAIM FORM

These instructions are to help you complete the customer claim form enclosed. If MJK Clearing, Inc. ("MJK") owes you cash or securities and you wish to claim them, the trustee must receive your claim on or before the date specified on the claim form. An improperly completed claim form will not be processed but will be returned to you and, consequently, will cause a delay in the satisfaction of your claim.

**Item 1** is to be completed if on the date shown, MJK owed you cash or if you owed MJK cash.

If MJK owes money to you, please indicate the amount in the space provided in Item 1a. If you owe MJK money, please so indicate in the space provided in Item b. If MJK owes you securities and you wish to receive those securities without deduction, then you must enclose your check for the amount shown in Item 1c payable to "James P. Stephenson, trustee for liquidation of MJK Clearing, Inc." **Payments not enclosed with this claim form will not be accepted by the trustee for purposes of determining what securities are to be distributed to you.**

**Item 2** deals with securities (including any options) held for you. If MJK is holding securities for you or has failed to deliver securities to you, please indicate by checking the appropriate box under Item 2 and set forth in detail the information required with respect to the date of the transaction, the name of the security and the number of shares or face value of bonds. With respect to options, set forth number and type of options, the exercise price and expiration date, e.g., 3 options [call] or [put] Xerox at 70 2x October 2001. PLEASE DO NOT CLAIM ANY SECURITIES YOU ALREADY HAVE IN YOUR POSSESSION.

It would expedite satisfaction of your claim if you enclose copies of:

1.     Your last account statement;

2.     An explanation of any differences between cash balances and securities on your last account statement and cash balances and securities you claim;

3.     Purchase and sale confirmations and cancelled checks covering the items referred to on your customer claim form; and

4.     Any other documentation which may assist the processing of your claim, such as correspondence, receipts, etc.

Items **3 through 9** must each be marked and details supplied where appropriate.

A claim form must be filed for each account.

## When To File

There are two deadlines for filing customer claims. One is set by the bankruptcy court for customer claims and one is set by the law for all claims.

The bankruptcy court has set May 15, 2002 as the final day for filing customer claims. If your claim is received by the Trustee after January 14, 2002, but on or before May 15, 2002, your claim is subject to delayed processing and to being satisfied on terms less favorable to you.

**The law governing this proceeding absolutely bars the allowance of any claim, including a customer claim, not actually received by the trustee on or before May 15, 2002. Neither the Trustee nor SIPC has authority to grant extensions of time for filing of claims, regardless of the reason. If your claim is received even one day late, it will be disallowed.**

Please file well in advance so that there will be time to refile if, for instance, your claim is lost in the mail.

## Where To File

The completed and signed claim form, together with supporting documents should be mailed **promptly** in the enclosed envelope to:

JAMES P. STEPHENSON, TRUSTEE
P.O. Box 27670
Minneapolis, Minnesota 55427-0670

**PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL —
RETURN RECEIPT REQUESTED**

Your claim is not filed until received by the trustee. If the trustee does not receive your claim, although timely mailed, you could lose all your rights against the Broker. Your return receipt will be the only document you will receive that shows your claim has been received by the trustee.

**THIS INSTRUCTION SHEET IS FOR YOUR FILE — DO NOT RETURN**

**YOU SHOULD RETAIN A COPY OF THE COMPLETED CLAIM FORM FOR
YOUR RECORDS.**

M1:808289.02

# MJK CLEARING, INC.

In Liquidation
September 27, 2001

TO BROKERS AND DEALERS HAVING OPEN SECURITIES POSITIONS OR MONEY BALANCES AS OF SEPTEMBER 27, 2001, WITH MJK CLEARING, INC.:

The United States District Court for the District of Minnesota, entered an order on September 27, 2001, finding that customers of MJK Clearing, Inc. (the "Debtor"), were in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA"). The District Court immediately appointed a trustee to liquidate the business of the Debtor. To recover upon any claim you may have against the Debtor, you must carefully follow the instructions contained in this package.

Enclosed are the following documents concerning the liquidation of the Debtor:

1. A Notice; and
2. The Series 300 Rules adopted under SIPA regarding the close-out or completion of open contractual commitments.

You are urged to read the enclosed documents carefully. They explain what steps, if any, you must take to protect any rights and claims you may have in this liquidation proceeding. If you have a claim, immediately contact the Trustee at P.O. Box 27670, Minneapolis, MN 55427-0670, for the claim forms or consult Fed. Sec. L. Rep. (CCH), ¶¶27,150W and 34,185-187.

**Claimants are advised to mail their completed claim forms to the Trustee by certified mail, return receipt requested.** Please make a copy of the completed broker claim forms and retain them for your own records.

Your broker claim forms will not be deemed to be filed until received by the Trustee. **THE BROKER CLAIM FORMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE MAY 15, 2002.**

While your claim is being processed, you may be requested to file with the Trustee additional information or documents to support the validity of your claim.

It is your responsibility to report accurately all securities positions and money balances in connection with your account with the Debtor. A false claim or the retention of property to which you are not entitled may make you liable for damages and criminal penalties.

Your cooperation in promptly requesting and returning the completed broker claim forms to the Trustee is in your best interest as it will help speed the administration of the liquidation proceeding.

Very truly yours,

James P. Stephenson,
Trustee for the Liquidation of the
Business of MJK Clearing, Inc.

M1:807480.02

**EXHIBIT NO.**

**E**



SiPC

SECURITIES INVESTOR PROTECTION CORPORATION



**Rules Regarding Closeout
or Completion of Open
Contractual Commitments**

17 C.F.R. §§300.300-300.307

As Amended through April 1997





**SECURITIES INVESTOR
PROTECTION CORPORATION**
805 15th Street, N.W.
Suite 800
Washington, D.C. 20005-2215
(202) 371-8300





# SECURITIES INVESTOR PROTECTION CORPORATION

# Series 300 Rules

## Rules Regarding Closeout or Completion of Open Contractual Commitments

### Rule 300—Definitions

For the purpose of these rules, adopted pursuant to section 8(e) of the Securities Investor Protection Act of 1970, as amended (hereinafter referred to as "the Act"):

(a) The term "failed to receive" shall mean a contractual commitment of the debtor made in the ordinary course of business to pay to another broker or dealer the contract price in cash upon receipt from such broker or dealer of securities purchased, provided that the respective obligations of the parties remained outstanding until the close of business on the filing date as defined in section 16(7) of the Act (hereinafter referred to as the "filing date").

(b) The term "failed to deliver" shall mean a contractual commitment of the debtor, made in the ordinary course of business, to deliver securities to another broker or dealer against receipt from such broker or dealer of the contract price in cash, provided that the respective obligations of the parties remained outstanding until the close of business on the filing date.

(c) The term "open contractual commitment" shall mean a failed to receive or a failed to deliver which had a settlement date prior to the filing date and the respective obligations of the parties remained outstanding on the filing date or had a settlement date which occurs on or within three business days subsequent to the filing date: *Provided, however,* that the term "open contractual commitment" shall not include any contractual commitment for which the security which is the subject of the trade had not been issued by the issuer as of the trade date.

(d) The term "customer" shall mean a person (other than a broker or dealer) in whose behalf a broker or dealer has executed a transaction out of which arose an open contractual commitment with the debtor, but shall not include any person to the extent that such person at the filing date (1) had a claim for property which by contract, agreement or understanding, or by operation of law, was a part of the capital of the broker or dealer who executed such transaction or was subordinated to the claims of creditors of such broker or dealer, or (2) had a relationship with the debtor which is specified in section 9(a)(4) of the Act.

### Rule 301—Contracts To Be Closed Out or Completed

An open contractual commitment shall be closed out or competed if:

(a) The open contractual commitment:

(1) Arises from a transaction in which a customer (as defined in Rule 300) of the other broker or dealer had an interest. For the purposes of this rule a customer is deemed to have an interest in a transaction if (i) the other broker was acting as agent for the customer or (ii) the other dealer was not a market maker in the security involved, to the extent such other dealer held a firm order from the customer and in connection therewith: In the case of a buy order, prior to executing such customer's order purchased as principal the same number of shares or purchased shares to accumulate the number of shares necessary to complete the order; or in the case of a sell order, prior to executing such customer's order sold the same number of shares or a portion thereof; and

(2)(i) Had a settlement date on or within 30 calendar days prior to the filing date and the respective obligations of the parties remained outstanding on the filing date or had a settlement date which occurs on or within three business days subsequent to the filing date; and

(ii) Had a trade date on or within three business days prior to such settlement date and

(b) The other broker or dealer can establish to the satisfaction of the trustee through appropriate documentation that:

(1) In the case of a broker or dealer who maintains his records on a specific identification basis:

(i) The open contractual commitment arose out of a transaction in which his customer had such an interest;

(ii) In the case of a failed to deliver of the debtor, as of the filing date such broker's or dealer's customer's interest had not been sold to such broker or dealer; or

(2) In the case of a broker or dealer who maintains his records other than on a specific identification basis, he has determined that a customer had such an interest in a manner consistent with that used by such broker or dealer prior to the filing date to allocate fails to receive and fails to deliver in computing the special reserve bank account requirement pursuant to the provisions of Rule 15c3-3 under the Securities Exchange Act of 1934 (17 CFR§240.15c3-3); or

(3) In the case of a broker or dealer not described in paragraph (b)(1) or (b)(2) of this Rule, he has made the determination in a manner which the trustee finds to be fair and equitable.

## Rule 302—Mechanics of Closeout or Completion

(a) The closeout or completion of an open contractual commitment meeting the requirements of Rule 301 shall be effected only:

(1) By the buy-in or sell-out of the commitment by the other broker or dealer in accordance with the usual trade practices initiated by the other broker or dealer within or promptly upon the expiration of a period of 30 calendar days after settlement date; or

(2) At the option of the trustee by the delivery of securities against receipt of the contract price or payment of the contract price against the receipt of the securities at any time within 30 calendar days after settlement date unless the commitment previously has been bought-in or sold-out in accordance with paragraph (a)(1) of this Rule; or

(3) In the event of the refusal of the other broker or dealer to accept completion of an open contractual commitment in accordance with paragraph (a)(2) of this Rule, or the failure of the other broker or dealer to promptly buy-in or sell-out a commitment in accordance with paragraph (a)(1) of the Rule, or in the event of the failure of the broker or dealer to provide the trustee with appropriate documentation as required by Rule 303, by delivery of securities against receipt of the contract price or payment of the contract price against receipt of securities, or the buy-in or sell-out of the commitment or cancellation of the commitment or otherwise, as may be appropriate, as the trustee in his discretion believes will most benefit the estate of the debtor.

(b) In the event of a closeout of an open contractual commitment pursuant to paragraph (a)(1) of this Rule, the money difference resulting from such closeout shall be payable by the other broker or dealer to the trustee or by the trustee to the other broker or dealer, whichever would be entitled to receive such difference under the usual trade practices: *Provided, however,* (1) prior to the payment of any such money difference by the trustee to such other broker or dealer with respect to transactions executed by such other broker or dealer for any separate customer account, all open contractual commitments with respect to such account which meet the requirements of Rule 301 must have been completed by delivery of securities against receipt of the contract price or by payment of the contract price against receipt of the securities in conformity with paragraph (a)(2) of this Rule, or by buy-in or sell-out in conformity with paragraph (a)(1) of this Rule, and (2) that the net amount so payable by the trustee to the other broker or dealer shall not exceed $40,000 with respect to any separate customer account.

### Rule 303—Report to Trustee

Promptly upon the expiration of 30 calendar days after the filing date, or if by the expiration of such 30-day period notice pursuant to section 8(a) of the Act of the commencement of proceedings has not been published, then as soon as practicable after publication of such notice, a broker or dealer who had executed transactions in securities out of which arose open contractual commitments with the debtor shall furnish to the trustee such information with respect to the buy-in, sell-out or other status of open contractual commitments as called for by Forms 300-A, B and C, including appropriate supporting documentation and schedules.

### Rule 304—Retained Rights of Brokers or Dealers

(a) Nothing stated in these rules shall be construed to prejudice the right of a broker or dealer to any claim against the debtor's estate, or the right of the trustee to make any claim against a broker or dealer, with respect to a commitment of the debtor which was outstanding on the filing date, but (1) which is not described in Rule 300(c), or (2) which, although described in Rule 300(c), does not meet the requirements specified in Rule 301 or was not closed out or completed in accordance with Rule 302 or was not reported to the trustee in conformity with Rule 303 or was not supported by appropriate documentation.

(b) Nothing stated in these rules shall be construed to prejudice the right of a broker or dealer to a claim against the debtor's estate for the amount by which the money difference due the broker or dealer upon a buy-in or sell-out may exceed the amount paid by the trustee to such broker or dealer.

### Rule 305—Excluded Contracts

Notwithstanding the fact that an open contractual commitment described in Rule 300(c) meets the requirements of Rule 301 and the other requirements of these rules, a court shall not be precluded from canceling such commitment, awarding damages, or granting such other remedy as it shall deem fair and equitable if, on application of the trustee or SIPC, it determines that such commitment was not entered into in the ordinary course of business or was entered into by the debtor, or the broker or dealer or his customer, for the purposes of creating a commitment in contemplation of a liquidation proceeding under the Act. Such a determination shall be made after notice and opportunity for hearing by the debtor, such broker or dealer, or such customer, and may be made before or after the delivery of securities or payment of the contract price or before or after any buy-in or sell-out of the open contractual commitment, or otherwise.

### Rule 306—Completion or Closeout Pursuant to SIPC Direction

In its discretion SIPC may, in order to prevent a substantial detrimental impact upon the financial condition of one or more brokers or dealers, direct the closeout or completion of an open contractual commitment, irrespective of whether it is described in Rule 300(c) or meets the requirements of Rule 301 or has been reported in conformity with Rule 303 or is supported by appropriate documentation. SIPC shall consult with the Securities and Exchange Commission before SIPC makes any determinations under this Rule.

### Rule 307—Completion with Cash or Securities of Customer

The trustee may, if authorized by the court, complete on open contractual commitment of the

debtor, regardless of whether it is described in Rule 300(c) or meets the requirements of Rule 301 or has been reported to the trustee in conformity with Rule 303, to the extent that such commitment is completed with customer name securities of the customer of the debtor for whose account the commitment was made, or with cash or securities paid or delivered by or for the account of such customer to the debtor or trustee after the filing date.



## Rules Regarding Closeout or Completion of Open Contractual Commitments

17 C.F.R. §§300.300-300.307

As Amended through April 1997





**SECURITIES INVESTOR
PROTECTION CORPORATION**
805 15th Street, N.W.
Suite 800
Washington, D.C. 20005-2215
(202) 371-8300







## SECURITIES INVESTOR PROTECTION CORPORATION

# Series 300 Rules

**Rules Regarding
Closeout or Completion of
Open Contractual Commitments**

### Rule 300—Definitions

For the purpose of these rules, adopted pursuant to section 8(e) of the Securities Investor Protection Act of 1970, as amended (hereinafter referred to as "the Act"):

(a) The term "failed to receive" shall mean a contractual commitment of the debtor made in the ordinary course of business to pay to another broker or dealer the contract price in cash upon receipt from such broker or dealer of securities purchased, provided that the respective obligations of the parties remained outstanding until the close of business on the filing date as defined in section 16(7) of the Act (hereinafter referred to as the "filing date").

(b) The term "failed to deliver" shall mean a contractual commitment of the debtor, made in the ordinary course of business, to deliver securities to another broker or dealer against receipt from such broker or dealer of the contract price in cash, provided that the respective obligations of the parties remained outstanding until the close of business on the filing date.

(c) The term "open contractual commitment" shall mean a failed to receive or a failed to deliver which had a settlement date prior to the filing date and the respective obligations of the parties remained outstanding on the filing date or had a settlement date which occurs on or within three business days subsequent to the filing date: *Provided, however,* that the term "open contractual commitment" shall not include any contractual commitment for which the security which is the subject of the trade had not been issued by the issuer as of the trade date.

(d) The term "customer" shall mean a person (other than a broker or dealer) in whose behalf a broker or dealer has executed a transaction out of which arose an open contractual commitment with the debtor, but shall not include any person to the extent that such person at the filing date (1) had a claim for property which by contract, agreement or understanding, or by operation of law, was a part of the capital of the broker or dealer who executed such transaction or was subordinated to the claims of creditors of such broker or dealer, or (2) had a relationship with the debtor which is specified in section 9(a)(4) of the Act.

### Rule 301—Contracts To Be Closed Out or Completed

An open contractual commitment shall be closed out or competed if:

(a) The open contractual commitment:

(1) Arises from a transaction in which a customer (as defined in Rule 300) of the other broker or dealer had an interest. For the purposes of this rule a customer is deemed to have an interest in a transaction if (i) the other broker was acting as agent for the customer or (ii) the other dealer was not a market maker in the security involved, to the extent such other dealer held a firm order from the customer and in connection therewith: In the case of a buy order, prior to executing such customer's order purchased as principal the same number of shares or purchased shares to accumulate the number of shares necessary to complete the order; or in the case of a sell order, prior to executing such customer's order sold the same number of shares or a portion thereof; and

(2)(i) Had a settlement date on or within 30 calendar days prior to the filing date and the respective obligations of the parties remained outstanding on the filing date or had a settlement date which occurs on or within three business days subsequent to the filing date; and

(ii) Had a trade date on or within three business days prior to such settlement date and

(b) The other broker or dealer can establish to the satisfaction of the trustee through appropriate documentation that:

(1) In the case of a broker or dealer who maintains his records on a specific identification basis:

(i) The open contractual commitment arose out of a transaction in which his customer had such an interest; and

(ii) In the case of a failed to deliver of the debtor, as of the filing date such broker's or dealer's customer's interest had not been sold to such broker or dealer; or

(2) In the case of a broker or dealer who maintains his records other than on a specific identification basis, he has determined that a customer had such an interest in a manner consistent with that used by such broker or dealer prior to the filing date to allocate fails to receive and fails to deliver in computing the special reserve bank account requirement pursuant to the provisions of Rule 15c3-3 under the Securities Exchange Act of 1934 (17 CFR§240.15c3-3); or

(3) In the case of a broker or dealer not described in paragraph (b)(1) or (b)(2) of this Rule, he has made the determination in a manner which the trustee finds to be fair and equitable.

## Rule 302—Mechanics of Closeout or Completion

(a) The closeout or completion of an open contractual commitment meeting the requirements of Rule 301 shall be effected only:

(1) By the buy-in or sell-out of the commitment by the other broker or dealer in accordance with the usual trade practices initiated by the other broker or dealer within or promptly upon the expiration of a period of 30 calendar days after settlement date; or

(2) At the option of the trustee by the delivery of securities against receipt of the contract price or payment of the contract price against the receipt of the securities at any time within 30 calendar days after settlement date unless the commitment previously has been bought-in or sold-out in accordance with paragraph (a)(1) of this Rule; or

(3) In the event of the refusal of the other broker or dealer to accept completion of an open contractual commitment in accordance with paragraph (a)(2) of this Rule, or the failure of the other broker or dealer to promptly buy-in or sell-out a commitment in accordance with paragraph (a)(1) of the Rule, or in the event of the failure of the broker or dealer to provide the trustee with appropriate documentation as required by Rule 303, by delivery of securities against receipt of the contract price or payment of the contract price against receipt of securities, or the buy-in or sell-out of the commitment or cancellation of the commitment or otherwise, as may be appropriate, as the trustee in his discretion believes will most benefit the estate of the debtor.

(b) In the event of a closeout of an open contractual commitment pursuant to paragraph (a)(1) of this Rule, the money difference resulting from such closeout shall be payable by the other broker or dealer to the trustee or by the trustee to the other broker or dealer, whichever would be entitled to receive such difference under the usual trade practices: *Provided, however,* (1) that prior to the payment of any such money difference by the trustee to such other broker or dealer with respect to transactions executed by such other broker or dealer for any separate customer account, all open contractual commitments with respect to such account which meet the requirements of Rule 301 must have been completed by delivery of securities against receipt of the contract price or by payment of the contract price against receipt of the securities in conformity with paragraph (a)(2) of this Rule, or by buy-in or sell-out in conformity with paragraph (a)(1) of this Rule, and (2) that the net amount so payable by the trustee to the other broker or dealer shall not exceed $40,000 with respect to any separate customer account.

## Rule 303—Report to Trustee

Promptly upon the expiration of 30 calendar days after the filing date, or if by the expiration of such 30-day period notice pursuant to section 8(a) of the Act of the commencement of proceedings has not been published, then as soon as practicable after publication of such notice, a broker or dealer who had executed transactions in securities out of which arose open contractual commitments with the debtor shall furnish to the trustee such information with respect to the buy-in, sell-out or other status of open contractual commitments as called for by Forms 300-A, B and C, including appropriate supporting documentation and schedules.

## Rule 304—Retained Rights of Brokers or Dealers

(a) Nothing stated in these rules shall be construed to prejudice the right of a broker or dealer to any claim against the debtor's estate, or the right of the trustee to make any claim against a broker or dealer, with respect to a commitment of the debtor which was outstanding on the filing date, but (1) which is not described in Rule 300(c), or (2) which, although described in Rule 300(c), does not meet the requirements specified in Rule 301 or was not closed out or completed in accordance with Rule 302 or was not reported to the trustee in conformity with Rule 303 or was not supported by appropriate documentation.

(b) Nothing stated in these rules shall be construed to prejudice the right of a broker or dealer to a claim against the debtor's estate for the amount by which the money difference due the broker or dealer upon a buy-in or sell-out may exceed the amount paid by the trustee to such broker or dealer.

## Rule 305—Excluded Contracts

Notwithstanding the fact that an open contractual commitment described in Rule 300(c) meets the requirements of Rule 301 and the other requirements of these rules, a court shall not be precluded from canceling such commitment, awarding damages, or granting such other remedy as it shall deem fair and equitable if, on application of the trustee or SIPC, it determines that such commitment was not entered into in the ordinary course of business or was entered into by the debtor, or the broker or dealer or his customer, for the purposes of creating a commitment in contemplation of a liquidation proceeding under the Act. Such a determination shall be made after notice and opportunity for hearing by the debtor, such broker or dealer, or such customer, and may be made before or after the delivery of securities or payment of the contract price or before or after any buy-in or sell-out of the open contractual commitment, or otherwise.

## Rule 306—Completion or Closeout Pursuant to SIPC Direction

In its discretion SIPC may, in order to prevent a substantial detrimental impact upon the financial condition of one or more brokers or dealers, direct the closeout or completion of an open contractual commitment, irrespective of whether it is described in Rule 300(c) or meets the requirements of Rule 301 or has been reported in conformity with Rule 303 or is supported by appropriate documentation. SIPC shall consult with the Securities and Exchange Commission before SIPC makes any determinations under this Rule.

## Rule 307—Completion with Cash or Securities of Customer

The trustee may, if authorized by the court, complete on open contractual commitment of the

debtor, regardless of whether it is described in Rule 300(c) or meets the requirements of Rule 301 or has been reported to the trustee in conformity with Rule 303, to the extent that such commitment is completed with customer name securities of the customer of the debtor for whose account the commitment was made, or with cash or securities paid or delivered by or for the account of such customer to the debtor or trustee after the filing date.

**MJK CLEARING, INC.**

In Liquidation

September 27, 2001

TO ALL CREDITORS OF MJK CLEARING:

Enclosed is a notice concerning the liquidation of the business of MJK Clearing, Inc. (the "Debtor"). This notice informs you of the steps necessary to protect your interests in the proceeding. Please read the entire notice carefully.

The Notice also informs all creditors of the Debtor other than customers or broker-dealers that they must file formal proofs of claim with the Trustee by May 15, 2002.

Enclosed with this letter is a formal proof of claim form. If you believe that you have a bona fide creditor claim against the Debtor, you must complete this form and return it by mail to the Trustee at the following address:

James P. Stephenson, Trustee
P.O. Box 27670, Minneapolis, MN 55427-0670

Because claims are not deemed filed until received by the Trustee at the above address, it is strongly recommended that you use certified mail, return receipt requested. **No claim will be allowed unless filed with the Trustee by May 15, 2002.**

You should attach to the completed claim form copies of all documentation supporting your claim. Please make a copy of the completed claim form and any attached documentation for your own records.

Your cooperation in this matter is greatly appreciated.

DATED: November ___, 2001

Very truly yours,

James P. Stephenson,
Trustee for the Liquidation of the MJK
Clearing

M1:807477.02

**EXHIBIT NO.**

**F**

**PROOF OF CLAIM**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| SECURITIES INVESTORS PROTECTION CORPORATION, | ) | Case No. CV01-1779  RHK/JJM |
| | ) | |
| Plaintiff-Applicant, | ) | Bankr. Adv. Proc. No. 01-4257 RJK |
| | ) | |
| v. | ) | Amount of Claim $ _____ |
| | ) | |
| MJK CLEARING, INC., | ) | Claimed As: [ ] General Unsecured |
| | ) |         [ ] Priority (see Paragraph 10) |
| Defendant. | ) |         [ ] Secured (see Paragraph 9) |

1.    Name of Creditor (Print or Type)   _____

        Mailing Address           _____

                                  _____

                                  _____

                  City _____ State _____ Zip Code _____

2.    The debtor was, at the time of the filing of the petition initiating this case, and still is indebted (or liable) to this claimant in the sum of $_____.

3.    The consideration for this debt (or ground of liability) is as follows:

4.    (If the claim is founded on writing.) The writing on which this claim is founded (or a duplicate thereof) is attached hereto (or cannot be attached for the reason set forth in the following statement).

5.    (If appropriate,) This claim is founded on an open account, which became (or will become) due on _____, as shown by the itemized statement attached hereto.  Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

<u>SEE REVERSE SIDE</u>

-1-

6.  No judgment has been rendered on the claim except:

7.  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8.  This claim is not subject to any set-off or counterclaim except:

9.  No security interest is held for this claim except:

    **(If security interest in property of the debtor is claimed)**  The undersigned claims the security interest under the writing referred to in paragraph 4 hereof.  Evidence of perfection of such security interest is also attached hereto.

10. This claim is an unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim.  **It is not entitled to priority unless the reason for priority and the amount claimed as priority is set forth below.**

11. If claimant has obtained this claim by assignment, a copy or explanation of said assignment is attached hereto.

Name of Creditor **(PRINT OR TYPE)**     _____

Signature.                                _____

Title **(Corporate Officer, Partner, or Agent)**   _____

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN 5 YEARS OR BOTH.**
M1:807476.02

## MJK CLEARING

In Liquidation
September 27, 2001

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

(Date)

(Name of Claimant)
(Address)

Dear Claimant:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of MJK Clearing, Inc. is being conducted by James P. Stephenson, Trustee, pursuant to an Order entered on September 27, 2001 by the United States District Court for the District of Minnesota.

The Trustee has made the following determination regarding your claim designated as Claim Number _____:

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before the United States Bankruptcy Court for the District of Minnesota in Adv. Proc. No. 01-4257 RJK, you **MUST** file your written opposition, setting forth the grounds for your disagreement and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within THIRTY DAYS after _____, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

-1-

**EXHIBIT NO.**

_____G_____

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the District of Minnesota
301 U.S. Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

and

Stephen M. Mertz, Esquire
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

James P. Stephenson,
Trustee for the Liquidation of the
Business of MJK Clearing, Inc.

M1:807467.02

-2-

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

SECURITIES INVESTORS PROTECTION
    CORPORATION,

                Plaintiff-Applicant,

v.

MJK CLEARING, INC.,

                Defendant.

Case No. CV01-1779 RHK/JJM

Bankr. Adv. Proc. No. 01-4257 RJK

## **ORDER**

This matter came on for hearing on November 1, 2001, on the Motion for Publication of Notices, Procedures for Resolution of Claims, and Other Relief (the "Motion") of James P. Stephenson (the "Trustee"), as Trustee for the liquidation of the business of MJK Clearing, Inc. ("MJK" or the "Debtor"). Appearances, if any, were as noted on the record.

An Order having been entered by the Honorable Richard Kyle, United States District Judge, on September 27, 2001 (the "Protection Order"), (a) finding that the customers of the Debtor are in need of the protection afforded by the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa et seq. ("SIPA"), (b) appointing the Trustee and Faegre & Benson LLP, as counsel for the Trustee, and (c) removing this case to this Court; and it appearing, as set forth in the Motion, that the Court is required by SIPA and the Bankruptcy Code to direct the giving of notice regarding the commencement of this case, the appointment of the Trustee and his counsel, the hearing on disinterestedness, and the first meeting of creditors; that the Trustee has recommended procedures for distribution and resolution of claims; and it appearing that notice

of the Motion has been given to the Securities Investor Protection Corporation ("SIPC") and that other notice has been sufficiently given; sufficient cause appearing therefor, based upon the Motion, responsive pleadings, if any, the arguments of counsel, and the record in this case, the Court's findings of facts and conclusions of law, if any, being stated on the record in open court, it is hereby:

ORDERED that the Notice, explanatory letters, claim forms, and instructions appearing as Exhibits A, B, C, D, E, and F to the Motion be, and they hereby are, authorized and approved, and shall be mailed by the Trustee to all customers and other creditors of the Debtor, in conformance with this order and in substantially the forms appearing in said Exhibits A-F, on or before November 15, 2001; and it is further

ORDERED that under 15 U.S.C. § 78fff-2(a)(1), the Trustee be, and hereby is, authorized and directed to cause a notice in substantially the same form as annexed as Exhibit A to the Motion ("Notice") to be published once in the Wall Street Journal (national and international editions); The St. Paul Pioneer Press and Dispatch; The Minneapolis Star Tribune; on also on Bloomberg's website and on the MJK Website established by the Trustee, on or before November 15, 2001; and it is further

ORDERED that, under 15 U.S.C. § 78fff-2(a)(1), the Trustee be, and hereby is, authorized and directed to mail on or before November 15, 2001, a copy of the Notice to (a) each person who, from the books and records of the Debtor, appears to have been a customer of the Debtor with an open account within the past twelve months, and (b) creditors other than customers, at the addresses of such customers and creditors as they appear from the Debtor's books and records; and it is further

ORDERED that, under 15 U.S.C. § 78fff-2(a)(3), any claim of a customer for a net equity which is received by the Trustee after the expiration of sixty (60) days from the date of publication of the Notice need not be paid or satisfied in whole or in part out of customer property, and, to the extent such claim is satisfied from monies advanced by SIPC, it shall be satisfied in cash or securities (or both) as the Trustee may determine to be most economical to the estate; and it is further

ORDERED that, under 15 U.S.C. § 78fff-2(a)(2), all claims against the Debtor shall be filed with the Trustee; and it is further

ORDERED that all claims against the Debtor shall be deemed properly filed only when actually received by the Trustee at P.O. Box 27670, Minneapolis, MN 55427-0670; and it is further

ORDERED that December 5, 2001, at 10:30 a.m., in Courtroom 8W, 300 South Fourth Street, Minneapolis, Minnesota, is fixed as the time and place of a hearing on the disinterestedness of the Trustee and counsel to the Trustee, as required by 15 U.S.C. § 78eee(b)(6)(B); and it is further

ORDERED that objections, if any, to the appointment and retention of the Trustee and counsel to the Trustee shall be in the form prescribed by the Federal Rules of Bankruptcy Procedure and comply with the Local Rules for filing objections to motions with less than 21 days notice and shall be filed with the Court and served upon Stephen M. Mertz, Esquire, Faegre & Benson LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402; and it is further

ORDERED that (a) the meeting of creditors required by Section 341(a) of the Bankruptcy Code, 11 U.S.C. § 341(a), shall be held on December 17, 2001, at 9:00 a.m., at the Radisson Plaza Hotel, Minnesota Room, Third Floor, 35 South Seventh Street, Minneapolis, Minnesota, and (b) the Trustee shall preside at such meeting of creditors for the purpose of examining the Debtor and its

-3-

officers and directors and conducting such other business as may properly come before such meeting; and it is further

ORDERED that the Debtor - by its officers, directors, employees, agents, and attorneys - shall comply with SIPA and the pertinent provisions of the Bankruptcy Code by, without limiting the generality of the foregoing, (a) designating an officer to appear and submit to examination under oath at the meeting of creditors under Section 341 of the Bankruptcy Code, and (b) complying with the Debtor's duties under Section 521 of the Bankruptcy Code, i.e., by (i) the prompt filing of a list of creditors, a schedule of assets and liabilities, and a statement of financial affairs, (ii) cooperating with the Trustee as necessary to perform his duties in this case, and (iii) surrendering forthwith to the Trustee all property of the estate and any and all recorded information, including, but not limited to, books, documents, records, and papers constituting or relating to the Debtor or property of the Debtor's estate; and it is further

ORDERED that the Trustee was and is authorized to satisfy within the limits provided by SIPA, those portions of any and all customer claims and accounts which agree with the Debtor's books and records, or are otherwise established to the satisfaction of the Trustee pursuant to 15 U.S.C. § 78fff-2(b), provided that the Trustee believes that no reason exists for not satisfying the claims and accounts; and it is further

ORDERED that the Trustee was and is authorized to satisfy such customer claims and accounts by (i) delivering to a customer entitled thereto "customer name securities," as defined in 15 U.S.C. § 78lll(3); and (ii) satisfying a customer's "net equity" claim, as defined in 15 U.S.C. § 78lll(11), by distributing on a ratable basis securities of the same class or series of an issue on hand as "customer property," as defined in 15 U.S.C. § 78lll(4), and, if necessary, by distributing cash

-4-

from such customer property or cash advanced by the SIPC, or purchasing securities for customers as set forth in 15 U.S.C. § 78fff-2(d), within the limits set forth in 15 U.S.C. § 78fff-3(a); and/or (iii) completing contractual commitments where required pursuant to 15 U.S.C. § 78fff-2(e) and SIPC's Series 300 Rules, 17 C.F.R. § 300.300 et seq., promulgated pursuant thereto; and it is further

ORDERED that with respect to net equity claims, the Trustee is authorized to satisfy claims out of moneys made available to the Trustee by the SIPC notwithstanding the fact that there has not been any showing or determination that there are sufficient funds of the Debtor available to satisfy such claims; and it is further

ORDERED that with respect to claims relating to, or net equities based upon, securities for a class and series of an issuer which are ascertainable from the books and records of the Debtor or are otherwise established to the satisfaction of the Trustee, the Trustee is authorized to deliver securities for such class and series if and to the extent available to satisfy such claims in whole or in part, with partial deliveries to be made pro rata to the greatest extent considered practicable by the Trustee; and it is further

ORDERED that with respect to customer claims which disagree with the Debtor's books and records and which are not resolved by settlement, the following procedures shall apply to resolve such controverted claims:

> A.    The Trustee shall notify the claimant by first-class mail of his determination that the claim has been disallowed in whole or in part, and the reason therefor, in a form substantially conforming to the one attached as Exhibit G to the Motion.
>
> B.    If the claimant desires to oppose the determination, the claimant shall file

with this Court and the Trustee a written statement setting forth in detail the bases for the opposition, together with copies of any documents in support of such opposition, within 30 days after the date on which the Trustee mails his determination to the claimant. If a claimant fails to file an opposition as hereinabove required, the Trustee's determination shall be deemed confirmed by the Court and binding on the claimant.

C.     Following receipt by the Trustee of an opposition by a claimant, the Trustee shall ask the Court to set a date and time for a hearing before this Court on the controverted claim. The Trustee shall notify the claimant in writing of the date, time, and place of such hearing.

D.     If a claimant or the claimant's counsel fails to appear at the hearing on the controverted claim, then the Trustee's determination shall be deemed confirmed by this Court and binding on the claimant.

ORDERED that under 15 U.S.C. § 78fff-1(c), the Trustee shall file a progress report with this Court on or before December 31, 2001 and by the end of each quarter thereafter until the case is closed.

Dated: November __, 2001

_____
Robert J. Kressel
UNITED STATES BANKRUPTCY JUDGE

M1:807464.04

-6-

In re: **Securities Investors Protection Corporation, Plaintiff/Applicant**
   **v. MJK Clearing, Inc., Defendant**
   **Case No. CV01-1779 RHK/JJM**
   **Bankr. Adv. Proc. No. 01-4257 RJK**


## AFFIDAVIT OF SERVICE

STATE OF MINNESOTA   )
                              ) ss.
COUNTY OF HENNEPIN  )

      Angela M. Zmuda of the City of Wyoming, County of Chisago, in the State of Minnesota, being duly sworn, says that on the 24th day of October, 2001, she served the annexed **Notice of Hearing and Motion of Trustee James P. Stephenson for Approval of Publication of Notices, Procedures for Resolution of Claims, and Other Relief, Proposed Order and this Affidavit of Service** on the persons listed on the attached service list by sending to them a copy thereof by telecopy and overnight delivery or messenger, as indicated.


_____
Angela M. Zmuda


Subscribed and sworn to before me
this 24th day of October, 2001.


_____
Notary Public

MARY R. SHAW WILSON
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005

MI:808674.01

FILED OCT 2 4 2001

## SERVICE LIST

**By Messenger**
Philip T. Colton
Stockwalk Group, Inc.
5500 Wayzata Boulevard, Suite 800
Minneapolis, Minnesota 55416

**By Messenger**
The Stockwalk Group, Inc.
James L. Baillie
Clinton E. Cutler
Fredrikson & Byron
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402-3397

**By Messenger**
Bryon Bequette
MathStar, Inc.
527 Marquette Ave.
Minneapolis, MN 55402

**By Telecopy & Overnight Delivery**
Henry F. Minnerop, Esq.
Sidley Austin Brown & Wood
875 Third Avenue
New York, NY 10022
Fax: (212) 906-2021

**By Messenger**
Investment Centers of America
c/o Thomas B. Hatch
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

**By Telecopy & Overnight Delivery**
Mr. Richard Kirby
Dyer Ellis & Joseph
600 New Hampshire Avenue, N.W.
Suite 1100
Washington, D.C. 20037
Fax: (202) 944-3068

**By Messenger**
Mr. James K. Langdon II
Dorsey & Whitney LLP
Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55402-1498

M1:808674.01

**By Messenger**
Larry B. Ricke
Leonard, Street and Deinard, P.A.
Suite 2300,150 South Fifth Street
Minneapolis, MN 55402

**By Telecopy & Overnight Delivery**
Securities Investor Protection Corporation
c/o Ken Caputo
805 Fifteenth Street, N.W.
Suite 800
Washington, D.C. 20005-2207
Fax: (202) 371-6728

**By Messenger**
Mark C. McCullough
The Colonnade
Suite 730
5500 Wayzata Boulevard
Minneapolis, MN 55416

**By Messenger**
Terence M. Fruth
Thomas E. Jamison
Fruth, Jamison & Elsass, P.A.
4705 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

**By Messenger**
Wells Fargo Bank, N.A.
c/o Mark J. Kalla
Bruce A. MacKenzie
Dorsey & Whitney LLP
50 South Sixth Street
Minneapolis, MN 55402

**By Telecopy & Overnight Delivery**
John R. Lee
Sonia U. Chac
Securities & Exchange Commission
Midwest Regional Office
500 W. Madison Street, Suite 1400
Chicago, IL 60661
Fax: (312) 353-7398

**By Telecopy & Overnight Delivery**
Teri M. Swanson
Securities and Exchange Commission
450 Fifth Street, N.W. (mail stop 6-6)
Washington, D.C. 20549-0606
Fax: (202) 942-9625

# FAEGRE & BENSON LLP

2200 WELLS FARGO CENTER, 90 SOUTH SEVENTH STREET
MINNEAPOLIS, MINNESOTA 55402-3901
TELEPHONE 612.766.7000
FACSIMILE 612.766.1600

STEVEN D. LONDON
slondon@faegre.com
612.766.8229

October 24, 2001

Clerk of U. S. Bankruptcy Court                    **BY MESSENGER**
301 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

> Re:     **Securities Investors Protection Corporation, Plaintiff/Applicant**
>          **v. MJK Clearing, Inc., Defendant**
>          **Case No. CV01-1779 RHK/JJM**
>          **Bankr. Adv. Proc. No. 01-4257 RJK**

Dear Clerk:

Enclosed for filing in the above adversary proceeding please find Notice of Hearing and Motion of Trustee James P. Stephenson for Approval of Publication of Notices, Procedures for Resolution of Claims, and Other Relief, Proposed Order and Affidavit of Service, along with a copy of the foregoing documents.

Exhibit D to the Motion will be provided to the Court as soon as it is available.

Please file-stamp the copy and return it to the waiting messenger.

Thank you in advance for your cooperation.

Very truly yours,

Steven D. London

SDL:zmuam
Enclosures

M1:808698.01