# EXHIBIT A

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

SECURITIES INVESTORS PROTECTION
CORPORATION,

        Plaintiff-Applicant,        Adv. Proc. No. 01-4257 RJK

v.

MJK CLEARING, INC.,

        Defendant.

## ORDER

This matter came on for hearing on November 1, 2001, on the Motion for Publication of Notices, Procedures for Resolution of Claims, and Other Relief of James P. Stephenson, as trustee for the liquidation of the business of MJK Clearing, Inc. Appearances, if any, were as noted on the record.

An order having been entered by the district court, on September 27, 2001, (a) finding that the customers of the debtor are in need of the protection afforded by the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa et seq. ("SIPA"), (b) appointing the trustee, and Faegre & Benson LLP, as counsel for the trustee, and (c) removing this case to this court; and it appearing, as set forth in the motion, that the court is required by SIPA and the Bankruptcy Code to direct the giving of notice regarding the commencement of this case, the appointment of the trustee and his counsel, the hearing on disinterestedness, and the meeting of creditors; that the trustee has recommended procedures for distribution and resolution of claims; and it appearing that notice of the motion has been given to the Securities Investor Protection Corporation and that other notice has been sufficiently given; sufficient cause appearing therefor, based upon the motion, responsive pleadings, if any, the arguments of counsel, and the record in this case, the court's findings of facts and conclusions of law, if any, being stated on the record in open court,

-1-

IT IS ORDERED:

1. The notice, explanatory letters, claim forms, and instructions appearing as Exhibits A, B, C, D, E, and F to the motion, as modified, are approved and shall be mailed by the trustee to all customers and other creditors of the debtor, in conformance with this order and in substantially the forms appearing in Exhibits A-F, as modified, on or before November 15, 2001;

2. Under 15 U.S.C. § 78fff-2(a)(1), the trustee is authorized and directed to cause a notice in substantially the same form as annexed as Exhibit A to the motion to be published once in The Wall Street Journal (national and international editions); The St. Paul Pioneer Press and Dispatch; The Minneapolis Star Tribune; The Duluth Tribune; and also on Bloomberg's website and on the MJK Website established by the trustee, on November 15, 2001;

3. Under 15 U.S.C. § 78fff-2(a)(1), the trustee is authorized and directed to mail on or before November 15, 2001, a copy of the notice to (a) each person who, from the books and records of the debtor, appears to have been a customer of the debtor with an open account within the past twelve months, and (b) creditors other than customers, at the addresses of such customers and creditors as they appear from the debtor's books and records;

4. Under 15 U.S.C. § 78fff-2(a)(3), any claim of a customer for a net equity which is received by the trustee after January 14, 2002 need not be paid or satisfied in whole or in part out of customer property, and, to the extent such claim is satisfied from monies advanced by the Securities Investor Protection Corporation, it shall be satisfied in cash or securities (or both) as the trustee may determine to be most economical to the estate;

5. Under 15 U.S.C. § 78fff-2(a)(2), all claims against the debtor shall be filed with the trustee;

6. All claims against the debtor shall be deemed properly filed only when actually received by the trustee at P.O. Box 27670, Minneapolis, MN 55427-0670;

7.  Under 15 U.S.C. § 78fff-2(a)(3), any claim which is received by the trustee after May 15, 2002 shall not be allowed, except that the court may, upon application within such period and for cause shown, grant a reasonable fixed extension of time for the filing of a claim by the United States, by a state or political subdivision thereof, or by an infant or incompetent person without a guardian;

8.  December 5, 2001, at 10:30 a.m., in Courtroom 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, is fixed as the time and place of a hearing on the disinterestedness of the trustee and counsel to the trustee, as required by 15 U.S.C. § 78eee(b)(6)(B);

9.  Objections, if any, to the appointment and retention of the trustee and counsel to the trustee shall be in the form prescribed by the Federal Rules of Bankruptcy Procedure and comply with the Local Rules for filing objections to motions with less than 21 days notice and shall be filed with the court and served upon Stephen M. Mertz, Esquire, Faegre & Benson LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402;

10. The trustee shall preside at the meeting of creditors for the purpose of examining the debtor and its officers and directors and conducting such other business as may properly come before such meeting;

11. The debtor - by its officers, directors, employees, agents, and attorneys - shall comply with SIPA and the pertinent provisions of the Bankruptcy Code by, without limiting the generality of the foregoing, (a) designating an officer to appear and submit to examination under oath at the meeting of creditors under Section 341 of the Bankruptcy Code, and (b) complying with the debtor's duties under Section 521 of the Bankruptcy Code, i.e., by (i) the prompt filing of a list of creditors, a schedule of assets and liabilities, and a statement of financial affairs, (ii) cooperating with the trustee as necessary to perform his duties in this case, and (iii) surrendering forthwith to the trustee all property of the estate and any and all recorded information, including,

but not limited to, books, documents, records, and papers constituting or relating to the debtor or property of the debtor's estate;

12. The trustee was and is authorized to satisfy within the limits provided by SIPA, those portions of any and all customer claims and accounts which agree with the debtor's books and records, or are otherwise established to the satisfaction of the trustee pursuant to 15 U.S.C. § 78fff-2(b), provided that the trustee believes that no reason exists for not satisfying the claims and accounts;

13. The trustee was and is authorized to satisfy such customer claims and accounts by (i) delivering to a customer entitled thereto "customer name securities," as defined in 15 U.S.C. § 78*lll*(3); and (ii) satisfying a customer's "net equity" claim, as defined in 15 U.S.C. § 78*lll*(11), by distributing on a ratable basis securities of the same class or series of an issue on hand as "customer property," as defined in 15 U.S.C. § 78*lll*(4), and, if necessary, by distributing cash from such customer property or cash advanced by the SIPC, or purchasing securities for customers as set forth in 15 U.S.C. § 78fff-2(d), within the limits set forth in 15 U.S.C. § 78fff-3(a); and/or (iii) completing contractual commitments where required pursuant to 15 U.S.C. § 78fff-2(e) and the Securities Investor Protection Corporation's Series 300 Rules, 17 C.F.R. § 300.300 et seq., promulgated pursuant thereto;

14. With respect to net equity claims, the trustee is authorized to satisfy claims out of moneys made available to the trustee by the Securities Investor Protection Corporation notwithstanding the fact that there has not been any showing or determination that there are sufficient funds of the debtor available to satisfy such claims;

15. With respect to claims relating to, or net equities based upon, securities for a class and series of an issuer which are ascertainable from the books and records of the debtor or are otherwise established to the satisfaction of the trustee, the trustee is authorized to deliver securities for such class and series if and to the extent available to satisfy such claims in whole or

in part, with partial deliveries to be made pro rata to the greatest extent considered practicable by the trustee;

16.  With respect to customer claims which disagree with the debtor's books and records and which are not resolved by settlement, the following procedures shall apply to resolve such controverted claims:

    a.    The trustee shall notify the claimant by first-class mail of his determination that the claim has been disallowed in whole or in part, and the reason therefor, in a form substantially conforming to the one attached as Exhibit G to the motion.

    b.    If the claimant desires to oppose the determination, the claimant shall file with this Court and the trustee a written statement setting forth in detail the bases for the opposition, together with copies of any documents in support of such opposition, within 30 days after the date on which the trustee mails his determination to the claimant. If a claimant fails to file an opposition as hereinabove required, the trustee's determination will be confirmed by the court and binding on the claimant.

    c.    Following receipt by the trustee of an opposition by a claimant, the trustee shall set a date and time for a hearing on the controverted claim. The trustee shall notify the claimant in writing of the date, time, and place of such hearing.

    d.    If a claimant or the claimant's counsel fails to appear at the hearing on the controverted claim, then the trustee's determination will be confirmed by the court and be binding on the claimant.

17. Under 15 U.S.C. § 78fff-1(c), the trustee shall file a progress report with this court on or before December 31, 2001 and by the end of each quarter thereafter until the case is closed.

Dated: November 5, 2001.

/s/ Robert J. Kressel
_____
ROBERT J. KRESSEL
UNITED STATES BANKRUPTCY JUDGE